```
                    IN THE UNITED STATES DISTRICT COURT FOR THE

                           EASTERN DISTRICT OF CALIFORNIA


MAY YANG, et al.,              )    No. CV-F-01-5437 REC/LJO
                               )
                               )    ORDER DENYING PLAINTIFFS'
                               )    MOTION FOR RELIEF FROM
         Plaintiff,            )    ORDERS DENYING REQUEST FOR
                               )    EXTENSION AND DISMISSING
    vs.                        )    CASE AND DENYING DEFENDANTS'
                               )    MOTION TO STRIKE MOTION FOR
                               )    RELIEF FROM ORDERS
MAGEC, et al.,                 )
                               )
                               )
         Defendant.            )
                               )
_____)
```

On May 16, 2005, the court heard plaintiffs' Motion for Relief from Orders Denying Request for Extension and Dismissing Case and defendants' Motion to Strike Motion for Relief from Orders.

Upon due consideration of the record and the arguments of the parties, the court denies these motions for the reasons set forth herein.

By Order filed on February 10, 2005, the court dismissed this action pursuant to Rule 41(b), Federal Rules of Civil Procedure, pursuant to motions to dismiss filed by the

1

1  defendants.  Judgment for defendants was entered on February 10,
2  2005.
3       On March 14, 2005, plaintiffs filed a Notice of Appeal.
4  Also on March 14, 2005, plaintiffs filed a Motion for Relief from
5  Order, noticing the motion for hearing on Friday, April 22, 2005,
6  a date on which this court does not conduct law and motion.  On
7  March 25, 2005, plaintiffs filed an Amended Motion for Relief
8  from Order, noticing the motion for hearing for April 29, 2005,
9  again a date on which this court does not conduct law and motion.
10 On March 31, 2005, plaintiffs filed a Second Amended Motion for
11 Relief from Order, noticing the Second Amended Motion for hearing
12 on May 2, 2005.  On April 14, 2005, the County of Fresno
13 Defendants, City of Fresno Defendants, City of Clovis Defendants,
14 and City of Sanger Defendants filed a request for an order
15 shortening time to file a motion to strike plaintiffs' motion for
16 relief from order.  The court denied the request for an order
17 shortening time, advised defendants to file their motion and
18 notice it for hearing on May 16, and continued plaintiffs' motion
19 for relief from order to May 16 as well.  Defendants filed their
20 Motion to Strike on April 14, 2005.  This motion has been joined
21 by the City of Coalinga and Michael Gilmore, and by the CHP and
22 CDC Defendants.
23      Plaintiffs' Motion for Relief from Order dismissing the
24 action and denying their request for extension of time to file
25 their opposition to the motions for summary judgment is supported
26 by declarations filed in the various notices of motion described

2

above.  In other words, there is no single motion filed by plaintiffs seeking relief from these orders which sets forth the memorandum of points and authorities and supporting declarations, making review of plaintiffs' motion more complicated than it should be.  It is noted that all of the declarations and exhibits attached to the various pleadings filed in connection with the Motion for Relief from Order, save one, constitute some of plaintiffs' proposed evidence in opposition to the defendants' motions for summary judgment.

In moving for relief from the dismissal of this action pursuant to Rule 41(b), plaintiffs argue that dismissal is a harsh sanction that should be imposed only when less drastic sanctions would not have availed.  Plaintiffs assert that the "exemplars" of plaintiffs' proposed evidence in opposition to the motions for summary judgment "illustrate that substantive oppositions to defendants' dispositive motions were warranted and appropriate, and very extensive."   Mr. Holland also files a declaration focusing on the denial of the request for extension of time to respond to the motions for summary judgment and averring in pertinent part:

> 2.   In seeking and receiving the further time they requested on more than one occasion to file their motions (and received), defendants City and County of Fresno indicated that they would not be opposed to plaintiffs receiving further time, given the sheer volume of materials (defendants indicated the filing alone of the paper motions at the clerks window [prior to electronic filing] took several hours) as well as the complexity of the case and the dispositive motions.

3

> Thereafter, it is my belief that defendants aggressively and unfairly refused to accommodate my need for further time, given not only the volume and substance of the case itself, but also the several difficulties I had encountered with office equipment and my health. The gist of these difficulties were laid out in my opposition to the defendants' motion to dismiss.

Plaintiffs argue:

> It is plaintiffs' position that less drastic measures were available and could have been utilized, rather than outright dismissal. Counsel's compliance with the Court's order to pay sanctions, as he was able to do so, showed that court orders were not being ignored and not being intentionally violated.
>
> ...
>
> ... Less drastic measures were available and would have sufficed, as plaintiffs had sought a relatively short extension, thereby allowing an additional 30 days to accommodate both health and office equipment difficulties.

In their Motion to Strike the Motion for Relief from Order, defendants note that plaintiffs do not set forth a legal basis for this court's reconsideration. Other than referring to standards governing dismissal of an action pursuant to Rule 41(b), plaintiffs set forth no legal authority for reconsideration of the court's Order, i.e., Rules 59 or 60, Federal Rules of Civil Procedure. Because judgment for defendants was entered on February 10, 2005, plaintiffs cannot rely on Rule 59 because a motion for new trial or to alter or amend the judgment pursuant to Rule 59 must be filed within 10 days after entry of the judgment. Rule 60(b) allows for relief

4

from judgment.

In plaintiffs' reply brief, Mr. Holland asserts that the legal basis for the Motion for Relief from Order is Rule 60(b)(6) and that, therefore, the motion is timely because it was filed less than a year after entry of judgment.[1]

There is no question that plaintiffs' Motion for Relief from Order is timely under Rule 60(b).

Rule 60(b)(6) allows relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment." As explained in United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005):

> The Rule 60(b)(6) catchall provision applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60 ... It 'has been used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.' ... Thus, a party seeking to reopen a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.' ....

In their Motion to Strike, defendants note that the court considered the appropriate factors in deciding to dismiss this

---

[1] Because plaintiffs' motion does not set forth any basis for vacating the judgment under Rule 60(b), much less mention Rule 60(b) or any other legal ground upon which relief can be based, defendants "request the entirety of Plaintiffs' Motion for Relief be stricken because Plaintiffs have failed to identify the legal grounds for such motion ...." The court denies this request because the parties were able to fully address the applicability of Rule 60(b) at oral argument.

5

action pursuant to Rule 41(b), rather than impose a lesser sanction.  In other words, this has already been considered and rejected by the court for the reasons stated in the February 10, 2005 Order.  The court notes that Mr. Holland does not suggest any appropriate lesser sanction in the Motion for Relief from Order and, for the reasons stated in the February 10, 2005 Order, the court cannot accept any representations by Mr. Holland that he will timely comply with court orders given his history in this action, even after being twice warned that the failure to timely comply would result in dismissal of the action.  Furthermore, defendants submit the Declaration of Erica Camarena, counsel for the County of Fresno Defendants, the City of Fresno Defendants, the City of Clovis Defendants, and the City of Sanger Defendants. Ms. Camarena avers in pertinent part:

> 3. Mr. Holland made casual representations to me that he may be seeking an extension within which to file his Oppositions to Defendants' Motions for Summary Judgment. However, he never made any attempt to contact me or my office to request or propose stipulated extension dates nor did he seek authorization by the court.
>
> 4. Mr. Holland did not communicate with me or my office that difficulties with office equipment and Mr. Holland's health prevented him from timely filing his Opposition.
>
> 5. On or about December 2, 2004, I provided Mr. Holland with electronic copies (via e-mail attachments) of Defendants's Separate Statements of Undisputed Facts to save him time in preparing Plaintiffs' Oppositions.
>
> 6. In a letter dated December 7, 2004, I confirmed the transmission and informed Mr. Holland that since he had not advised me of

    any difficulties in opening the attachments, I made the assumption that he had no such problems ....

    7. On or about January 10, 2005, (a month after Defendant's [sic] filed their Motion to Dismiss) our office received a letter from Mr. Holland informing that he needed the Statements of Undisputed Facts sent to him again due to computer failure.  In his letter, Mr. Holland wrote that he had recovered his computer system. ....

    8. I immediately re-sent the Statements of Undisputed Facts on a floppy disc to Mr. Holland ....

    9. At one point in these discussions Mr. Holland made a statement to me that the Federal Court's electronic filing requirements made it expensive and time consuming for Mr. Holland to get set up and ready for filing.  He continued that on at least two occasions, the court clerk red-slipped him for not complying with those requirements.

    10. This was the extent of Mr. Holland's discussion with me regarding his computer equipment difficulties.  At no time during these discussions did Mr. Holland indicate that these issues required an extension to file his Opposition nor did he request one.  At no time during these discussions did I refuse to accommodate his needs.

    11. On or about Thursday, January 20, 2005, I had a telephone conversation with Mr. Holland wherein Mr. Holland informed me that he was going to be having dental work done over the weekend.  In that same conversation Mr. Holland indicated that he was 'working on his Opposition.'  I concluded this conversation by advising Mr. Holland that he should feel free to contact me if he needed any information.  At no time during this conversation did Mr. Holland request an extension, propose stipulated extended dates or inform counsel that his dental work would preclude him from timely filing his Opposition.  At no time during this

|   |   |
|---|---|
| 1 | conversation did I refuse to accommodate his needs. |
| 2 | |
| 3 | 12.  Before receiving further time, Defendants conferred with all counsel the very moment an extension was perceived [sic], proposed extended dates, signed stipulations and obtained authorizations from the court changing the scheduling order before the required filing dates. |

Defendants also contend that the various exhibits attached to the various pleadings filed in connection with the Motion for Relief "are irrelevant to the core issue in Plaintiffs' Motion for Relief; whether Plaintiffs should be relieved from the Court's Order dismissing this case and denying their request for an extension."  Defendants argue that the substance of these exhibits "is immaterial, impertinent, substantially hearsay and appears to have been attached in bad faith or with the purpose of causing delay."  Defendants request that these exhibits, Exhibits 1-5, "be stricken from the Court's record and not be submitted to the Ninth Circuit for review in Plaintiffs' Appeal."

In their reply brief, plaintiffs argue that the exhibits are relevant to the Motion for Relief from Order pursuant to Rule 60(b)(6):

> The exhibits filed in support of the motion for relief, mostly proposed separate statements in opposition to defendants' motions for summary judgment support a conclusion that plaintiffs' underlying substantive position(s), that is, oppositions to defendants' motions for summary judgment or adjudication, has (have) [sic] merit.  The sheer volume of detail in those exhibits also tends to show the extraordinary amount of work and time needed to prepare them, thus supporting a conclusion that delay was not

8

> forestalling some inevitable judgment for defendants, or delay just 'for delay's sake.'

The court does not agree with defendants' that these exhibits should be stricken. However, the court concludes that the exhibits do not compel relief from judgment. There was no discussion in the February 10, 2005 Order dismissing this action as a sanction under Rule 41(b) that plaintiffs might not be able to demonstrate a genuine issue of material fact or demonstrate the substantive merits of their various claims. There is no question that the various motions for summary judgment were voluminous and complicated. However, it was for that reason that the briefing schedule was agreed to by stipulation and the court's calendar cleared to accommodate hearing those motions. The problem was that Mr. Holland, despite being warned, failed to timely file his oppositions to those motions for summary judgment and failed to timely request an extension of time to do so. The court is not persuaded that extraordinary circumstances beyond Mr. Holland's control (the Rule 60(b)(6) standard) prevented him from timely responding to the motions for summary judgment or timely requesting an extension of time within which to do so. Mr. Holland's history in this action described in February 10, 2005 Order amply demonstrates his unwillingness or inability to timely comply with court orders and the rules of court. The court's Order dismissing this action under Rule 41(b) discussed fully all of the factors required to be considered including, as noted, the availability of lesser sanctions. As defendants

9

1  contend, plaintiffs' remedy is now to the Ninth Circuit.

2  ACCORDINGLY:

3  1.  Plaintiffs' Motion for Relief from Orders Denying Request for Extension and Dismissing Case is denied.

5  2.  Defendants' Motion to Strike Plaintiffs' Motion for Relief from Orders is denied.

7  IT IS SO ORDERED.

**Dated:  May 17, 2005**          /s/ Robert E. Coyle
668554                            UNITED STATES DISTRICT JUDGE

10