IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY YANG, et al., <br><br>             Plaintiff, <br><br>    vs. <br><br> MAGEC, et al., <br><br>             Defendant. | No. CV-F-01-5437 REC/LJO <br><br> ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO TAX COSTS CLAIMED BY DEFENDANTS CITY OF COALINGA AND MICHAEL GILMORE |

On May 16, 2005, the court heard plaintiffs' Motion to Tax Costs Claimed by Defendants City of Coalinga and Michael Gilmore.

Upon due consideration of the record and the arguments of the parties, the court grants this motion in part and denies it in part as set forth herein.

Defendants in this action have filed their respective bills of costs. None of these have been taxed by the Clerk. However, plaintiffs have filed a Motion to Tax Costs Claimed by Defendants City of Coalinga and Michael Gilmore, noticing this motion for hearing. Defendants City of Coalinga and Michael Gilmore have

1

filed an opposition to this motion.

This motion is not appropriate under Rule 54-292, Local Rules of Practice. Rule 54-292(b) provides for the filing of a cost bill. Rule 54-292 then provides in pertinent part:

> **(c) Objections.** The party against whom costs are claimed may, within ten (10) days from date of service, file specific objections to claimed items with a statement of grounds for objection.
>
> **(d) Taxing Costs.** If no objection is filed, the Clerk shall proceed to tax and enter costs. If objections are filed, they should state specific objections to claimed items with a statement of grounds thereof. The Clerk may require and consider further affidavits as necessary to determine allowable costs. The parties may request a hearing in person or by telephone conference call, and the Clerk shall schedule the hearing as needed. Upon the taxation and entry of costs the Clerk shall serve notice thereof to all parties.
>
> **(e) Review.** On motion filed and served within five (5) court days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed.R.Civ.P 54(d). See L.R. 78-230.

Consequently, until the Clerk taxes the costs, there is nothing for this court to review. The motion could be denied on this ground alone.

However, because the motion has been briefed, the court will address plaintiffs' objections to the cost bill submitted by the City of Coalinga and Michael Gilmore.

Plaintiffs object to all costs for attending depositions except $667.30, object to all copying and exemplification costs,

2

except $120.92, and object to interpreter costs, except $375.00. Plaintiffs contend that these defendants were implicated in only one of the incidents alleged, the one that occurred on November 17, 1998.  Therefore, plaintiffs argue, it was not necessary for counsel for the moving defendants to attend depositions involving other incidents in which these defendants did not participate.

However, as the moving defendants note, the Fifth Amended Complaint, which was the operative pleading when the depositions were taken, alleges in various sections of the pleading that all of the defendant officers and entities conspired with each other and ratified each others' conduct.  The moving defendants argue:

> By lumping all of the Officers and all of the Municipalities together in a conspiracy theory, and in a theory imposing collective and mutual responsibility for ratification of one another's acts, Plaintiffs sought to make Coalinga and Gilmore legally responsible for all of the other defendants' conduct.  These allegations necessitated Defendant City of Coalinga and Michael E. Gilmore's participation in all of the depositions, concerning both liability and damages, in this action.

At oral argument, plaintiffs contended that the challenged costs could not have been considered reasonably incurred by the moving defendants because their motion for summary judgment does not refer to any evidence other than that related to the search in which these defendants participated.

However, as the moving defendants note, that discovery did not reveal any evidence substantiating plaintiffs' allegations of conspiracy and/or ratification does not make the challenged costs

3

1  unnecessary.  The moving defendants had to participate in
2  discovery and incur the challenged costs in order to defend
3  against the allegations made against them in the various
4  complaints filed in this action, including the Fifth Amended
5  Complaint.  Therefore, plaintiffs' objection to these costs is
6  not well taken.
7       Plaintiffs object to those "other" costs, totaling $282.92,
8  that are itemized as LEXIS research costs.  Plaintiffs' objection
9  has merit.  Computer-assisted research costs are not allowable
10 costs under 28 U.S.C. § 1920.  See Montgomery v. Aetna Plywood,
11 Inc., 231 F.3d 399 (7th Cir. 2000), cert. denied, 532 U.S. 1038
12 (2001); Jones v. Unisys Corp., 54 F.3d 624 (10th Cir. 1995);
13 Frederick v. City of Portland, 162 F.R.D. 139 (D.Or. 1995).
14     IT IS SO ORDERED.
15 **Dated:  May 17, 2005**            **/s/ Robert E. Coyle**
   668554                        UNITED STATES DISTRICT JUDGE

4